Joseph A. Gavagan, J.
The fourth-party defendant moves for dismissal of the fourth-party complaint for legal insufficiency. The action involves the question as to which party is ultimately liable upon the checks in suit. In the fourth-party complaint in a first cause of action, it is alleged that checks were drawn to the order of the fourth-party defendant, Excess Bisk Company, Ltd., which were paid without authority, acquiescence, knowledge or consent of the plaintiff and were deposited by a corporation other than the payee named in the checks. They were indorsed by Excess & Surplus Ltd. Special. It is further alleged that the production manager of the payee fourth-party defendant was the president of Excess & Surplus Ltd. By contractual arrangements between those parties, the fourth-party defendant occupied and conducted its business in an expense-free and rent-free office provided by Excess & Surplus Ltd. and, in *911 addition, the latter also supplied to the defendant clerical, bookkeeping, telephone, telegraphic and other office services at the sole expense of Excess & Surplus Ltd. As the defendant’s agent, Excess & Surplus Ltd. was authorized and empowered to and did act in the solicitation and underwriting of insurance, the issuance of binders and amendments on behalf of Excess Risk Company, Ltd. and collected premiums and other moneys due and payable to the defendant. By virtue of that authority, it is alleged, Excess & Surplus Ltd. as such agent did indorse the checks, collected the proceeds thereof, and credited them to the account of Excess & Surplus Ltd. Special.
In a second cause of action it is alleged that the person acting as production manager of defendant and as president of Excess & Surplus Ltd. appropriated the checks, indorsing and depositing them to the account of Excess & Surplus Ltd. Special, using part or all of the proceeds for the office rent and other office expenses of the defendant, such appropriation and use constituting payment by the plaintiff to the defendant Excess Risk Company, Ltd.
Upon the first cause of action the fourth-party plaintiff is entitled to be heard upon the issue whether the authorization to collect premiums and other moneys due and payable to the defendant included the power to receive checks made payable to the latter, to indorse them and to deposit the proceeds to the credit of Excess & Surplus Ltd. Special for use and benefit of the defendant, such collection constituting payment to the defendant.
The fourth-party plaintiff, however, is not entitled to recover upon the allegations of the second cause of action. The mere use of the moneys, apart from any question of their collection constituting payment, cannot constitute payment since such use was made pursuant to contractual arrangement.
The motion is granted dismissing the second cause of action, and it is denied as to the first cause of action.